IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATALIE WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>AUDIO VISUAL SERVICES GROUP, LLC, RUSSELL HOAG, DOE DEFENDANTS 1-25,<br><br>Defendants. | CIV. NO. 20-00531 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Natalie Wilson's Motion to Remand ("Motion to Remand"), filed on February 9, 2021. ECF No. 16. This matter came on for a telephonic hearing on April 1, 2021 before the Honorable Rom A. Trader. David F. Simons, Esq. appeared on behalf of Plaintiff. David S. Shankman, Esq. appeared on behalf of Audio Visual Services Group, LLC ("PSAV") and Defendant Russel Hoag ("Defendant Hoag"). Christopher J. Cole, Esq. also appeared on behalf of Audio Visual Services Group, LLC.

After careful consideration of the parties' submissions,[1] applicable law, and arguments of counsel, this Court FINDS that PSAV did not meet its burden to establish that Plaintiff fraudulently joined Defendant Hoag to defeat diversity jurisdiction in this case. Because Plaintiff and Defendant Hoag are citizens of the same state, diversity is destroyed. This Court thus FINDS that this federal district court lacks subject matter jurisdiction to hear this case and RECOMMENDS that the Motion to Remand be GRANTED.

## BACKGROUND

Plaintiff filed her Complaint in the Circuit Court of the First Circuit, State of Hawaii, on November 2, 2020, alleging the following claims against PSAV: (1) violation of Haw. Rev. Stat. § 378-2 and (2) violation of Haw. Rev. Stat. § 378-2(2). ECF No. 1-4. The Complaint also alleges slander and libel against PSAV and Defendant Hoag. Plaintiff seeks special damages, general damages, punitive damages, and attorneys' fees and costs.

Plaintiff served PSAV on November 4, 2020. ECF No. 1-4. Before Plaintiff served Defendant Hoag, PSAV filed a Notice of Removal based on diversity of citizenship in this Court on December 3, 2020. ECF No. 1. Plaintiff is a citizen of the State of Hawaii for diversity purposes. ECF No. 1-4. PSAV is a citizen of

---

[1] This Court disregarded Plaintiff's Acknowledgement of Defendant Audio Visual Services Group's LLC's Opposition to Plaintiff's Motion to Remand (ECF No. 28), filed on March 29, 2021. See infra Background section.

Delaware and Illinois (ECF No. 1), and Defendant Hoag is a citizen of Hawaii (ECF No. 1-4).  PSAV alleges that Defendant Hoag is a sham defendant that was fraudulently joined as a party to this litigation in order to avoid removal.

On February 9, 2021, Plaintiff filed a Motion to Remand alleging that this federal district court lacks subject matter jurisdiction because diversity of citizenship does not exist.  ECF No. 16-1.  Plaintiff claims that she and Defendant Hoag are both citizens of Hawaii, and argues that Defendant Hoag was not fraudulently joined.  Plaintiff requests that this matter be remanded to state court.

On March 11, 2021, PSAV filed a Memorandum in Opposition to Plaintiff's Motion to Remand ("Opposition").  ECF No. 21.  PSAV argues that Defendant Hoag was fraudulently joined through a defamation claim in order to defeat this Court's jurisdiction.  PSAV urges this Court to dismiss Defendant Hoag based on Plaintiff's failure to timely serve.  PSAV argues that if an amendment is permitted, Plaintiff should be required to make the amendment in this federal district court.

On March 18, 2021, Defendant Hoag was served with the Complaint and Summons in this case.  ECF No. 25.

On March 29, 2021, just a few days before the telephonic hearing on the Motion to Remand, Plaintiff filed an untimely reply titled, Plaintiff's Acknowledgement of Defendant PSAV's Opposition to Plaintiff's Motion to

Remand ("Reply").  ECF No. 28.  During the hearing on the Motion to Remand, this Court did not consider the Reply and struck the Reply as untimely.

Defendant Hoag had yet to appear in this case at the time of the hearing on the Motion to Remand.  Counsel for PSAV, Mr. Shankman, stated that he represents Defendant Hoag and that Defendant Hoag consents to proceeding with the Motion to Remand.  Plaintiff's counsel also agreed that the telephonic hearing on the Motion to Remand should proceed.  This Court accepted counsel's representations and proceeded with the telephonic hearing.

## DISCUSSION

This case was removed from state court on the basis of diversity of citizenship.  The statute 28 U.S.C. § 1441 governs and provides in pertinent part:

(a) Generally.—

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal Based on Diversity of Citizenship.—

> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and

> served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a) & (b)(1)-(2).  "[R]emoval statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court."  Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance") (citations omitted)).  The party seeking removal bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)); Gaus, 980 F.2d at 566 ("[D]efendant always has the burden of establishing that removal is proper.").

Federal district courts have original jurisdiction of civil cases where (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) where the matter in controversy is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity of citizenship occurs when each plaintiff is a citizen of a different state than each defendant.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  None of the properly joined and served defendants may be a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).

I. <u>Defendant Hoag was Not Fraudulently Joined</u>

There is an exception to the requirement of complete diversity. The exception occurs when a non-diverse defendant has been fraudulently joined. <u>Morris</u>, 236 F.3d at 1067. If the Court finds that Defendant Hoag was fraudulently joined, then the Court "may ignore the presence of that defendant for the purpose of establishing diversity." <u>Morris</u>, 236 F.3d at 1067.

"There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Grancare, LLC v. Thrower by and through Mills</u>, 889 F.3d 543, 548 (9th Cir. 2018) (citing <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory." <u>Id.</u> (citing <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998)). A "[j]oinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the **<u>settled rules of the state</u>**." <u>Hunter</u>, 582 F.3d at 1043 (citations and quotations omitted) (emphasis added).

When determining whether a defendant has been fraudulently joined, the Court initially considers the allegations in the Complaint and may conduct a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under

state law against the in-state defendant.  See Grancare, 889 F.3d at 549 (citing McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  In this case, PSAV argues that Plaintiff does not have a plausible claim of defamation against Defendant Hoag.  ECF No. 21 at PageID #: 187.  However, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."  Grancare, 889 F.3d at 549.  "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."  Id.  Thus, Ninth Circuit emphasizes that "a federal court must find that a defendant was properly joined and remand the case to state court if there is a 'possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'"  Id. at 549 (citing Hunter, 582 F.3d at 1046) (citation omitted).

There is a "general presumption against fraudulent joinder," which must be proven by "clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (citing Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)).  In asserting fraudulent joinder, PSAV bears the heavy burden of facing both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder.  Hunter, 582 F.3d at 1046 (citing Hamilton Materials, 494 F.3d at 1206).

In this case, there are four elements that the Plaintiff must establish to prove defamation:

(1) a false and defamatory statement concerning another;

(2) an unprivileged publication to a third party;

(3) fault amounting at least to negligence on the part of the publisher [actual malice where the plaintiff is a public figure]; and

(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Gonsalves v. Nissan Motor Corp. in Hawaii, Ltd., 100 Hawaiʻi 149, 171, 58 P.3d 1196, 1218 (2002) (citing Gold v. Harrison, 88 Hawaiʻi 94, 100, 962 P.2d 353, 359 (1998)) (citations omitted). The relevant inquiry is whether Plaintiff fraudulently joined Defendant Hoag in this action and thus, this Court shall limit its analysis to Plaintiff's defamation claim against Defendant Hoag.

Plaintiff alleges that Defendant Hoag intentionally made false statements of fact to malign her. ECF No. 1-4 at PageID #: 103. Plaintiff alleges that in September 2019, Defendant Hoag made complaints about Plaintiff and as a result, Plaintiff was terminated. Id. at PageID #: 99. Plaintiff claims that Defendant Hoag falsely alleged that in 2018, Plaintiff paid him for work before he was officially placed on PSAV's payroll by giving him and another employee gift cards. Id. Plaintiff alleges that Defendant Hoag's statement is false as it was the Area Manager who purchased the gift cards, delivered them to Plaintiff, and instructed

8

Plaintiff to give the gift cards to Defendant Hoag and another employee.  Id.  Plaintiff claims that Defendant Hoag's complaint about the gift card was made in retaliation against Plaintiff for implicating him in a different incident involving offensive comments written on a whiteboard about lesbians.  Id. at PageID #: 100.  Plaintiff alleges that Defendant Hoag's defamatory statement led to her termination.  Id. at PageID #: 99.

PSAV argues that the Complaint fails to state a defamation claim against Defendant Hoag because "1) Plaintiff admits the allegedly defamatory statement was true; 2) Plaintiff alleges Defendant Hoag made the statement to Defendant PSAV's management, which means he did not publish the statement to a third party as a matter of law; and 3) Defendant Hoag's allegedly defamatory statement is privileged."  ECF No. 21 at PageID #: 187.  PSAV states that "Plaintiff's Motion to Remand does not attempt to dispute any of these points, apparently conceding that he [sic] does not have a plausible claim of defamation."  Id.  However, it is PSAV's burden to demonstrate that there is clear and convincing evidence to support a finding that Defendant Hoag was fraudulently joined.  See Hamilton materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (citations omitted).  This Court, without more, cannot find that PSAV met its burden by shifting the burden to the Plaintiff.  This Court is thus unpersuaded by PSAV's

argument and shall proceed to determine whether PSAV met its burden to establish fraudulent joinder by clear and convincing evidence.

PSAV claims that "[t]he face of [Plaintiff's] Complaint reflects that Defendant's [sic] Hoag's statements to management were actually true" and therefore could not have been defamatory.  ECF No. 20-1 at PageID #: 178.  In relevant part, the Complaint states:

> [Defendant] Hoag claimed, falsely, that in 2018 Plaintiff had paid him for work before he was officially placed on Defendants [sic] PSAV's payroll by giving him and another employee gift cards (ECF No. 1-4 at PageID #: 99) . . . Plaintiff's only role in following her supervisor's directions and delivering the gift cards to Defendant Hoag and another employee, by contrast led to her termination (Id. at PageID #: 100) . . . In claiming that Plaintiff had purchased gift cards to pay Defendant Hoag and another co-employee for per diem wages, Defendants Hoag and PSAV made false statements of fact to malign Plaintiff (Id. at PageID #: 103).

ECF No. 1-4.  This Court disagrees with PSAV because the Complaint simply does not support the proposition that Plaintiff gave the gift cards to Defendant Hoag and another employee with the purpose of compensating them for work done prior to them being on PSAV's payroll.  As quoted above, Plaintiff states that the false statement made by Defendant Hoag was that Plaintiff had paid him for work using gift cards before Defendant Hoag was on PSAV's payroll.  In her Complaint, Plaintiff states that her only role was to deliver the gift cards to Defendant Hoag as directed by her supervisor.  Nowhere does Plaintiff state that she gave Defendant Hoag the gift cards with the intention of paying Defendant Hoag for the work he

10

performed. This Court is thus not persuaded by PSAV's argument that Plaintiff admitted to the conduct she claims was defamatory.

PSAV argues that Plaintiff's defamation claim fails because it does not allege that PSAV or Defendant Hoag published the defamatory statements to a third party. Indeed, it is established Hawaii law that publication to a third party is a requirement to a defamation claim. Gonsalves, 100 Hawaiʻi at 171, 58 P.3d at 1218. PSAV argues that Defendant Hoag's publication to PSAV's management does not constitute publication as a matter of law and cites to federal case law from other jurisdictions. ECF No. 20-1 at PageID #: 177-178 (PSAV cites to Johnson v. Boeing Co., No. CV C17-0706RSL, 2017 WL 5158312 (W.D. Wash. Nov. 7, 2017) and Dutson v. Farmers Ins. Exch., 815 F. Supp. 349, 353 (D. Or. 1993), aff'd, 35 F.3d 570 (9th Cir. 1994)). However, PSAV has the burden to demonstrate that the failure to state a cause of action "is obvious according to the **settled rules of the state**." Hunter, 582 F.3d at 1043 (citations and quotations omitted) (emphasis added). The Court cannot find that PSAV has met its burden as PSAV did not refer to any Hawaii authority and did not make any arguments based on settled, Hawaii law.

Similarly, PSAV also failed to establish under Hawaii law that Defendant Hoag's allegedly defamatory statement is privileged. PSAV merely stated its

11

objection, but failed to provide any support for its argument.  Thus, this Court cannot find that PSAV met its burden.

Given PSAV's burden, the strong presumption against removal jurisdiction, and the presumption against fraudulent joinder, this Court cannot find that PSAV met is burden to establish that settled state law bars Plaintiff's defamation claim against Defendant Hoag.  PSAV failed to prove by clear and convincing evidence that there is no possibility that Plaintiff can state a cause of action against Defendant Hoag.  Accordingly, this Court finds that Defendant Hoag was not fraudulently joined by Plaintiff to defeat diversity jurisdiction.  Because complete diversity is lacking between the parties, remand is warranted.

II.     Amendment of the Complaint

It is not clear whether Defendant Hoag's complaint to PSAV's management constituted an unprivileged publication to a third party.  PSAV argues that if this Court is inclined to permit an amendment to the Complaint, the amendment must be made in this federal district court.  ECF No. 21 at PageID #: 189.  However, amendment in this court is not permissible because this Court has found that PSAV has not shown that Defendant Hoag was fraudulently joined.

PSAV cites to a Ninth Circuit case and a California case in support of its proposition, but these cases are distinguishable.  In <u>Benko v. Quality Loan Serv. Corp.</u>, the Court permitted an amendment in federal court to allow the plaintiff in

that case "to clarify issues pertaining to federal jurisdiction under [the Class Action Fairness Act ("CAFA")]" and to "provide [the] federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA."  Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1117 (9th Cir. 2015).  Thus, in Benko, the Ninth Circuit permitted an amendment to determine jurisdiction under CAFA.  In Benko, there was no issue of fraudulent joinder.

In the California case, Charlson v. DHR International Inc., the court granted a motion to dismiss and determined that the plaintiff failed to state a claim for defamation and thus, the plaintiff was permitted to amend in federal court and renew his motion to remand if the plaintiff is successful in stating a claim for defamation.  Charlson v. DHR International Inc., No. C 14-3041 PJH, 2014 WL 4808851, at *7-8 (N.D. Cal. Sept. 26, 2014).  However, in this case, this Court has not found that the Complaint should be dismissed for failure to state a claim, but has identified that there are deficiencies in the Complaint.  As stated earlier, this Court indeed conducts a Rule 12(b)(6)-type analysis, but the test for fraudulent joinder and failure to state a claim under Rule 12(b)(6) are not the same.  Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 549 (9th Cir. 2018).  The Ninth Circuit has stated that for the purpose of fraudulent joinder, a claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been

13

fraudulently joined **if it is possible that the plaintiff can state a claim against the non-diverse defendant in state court**. Id.

In this case, this Court cannot say that there is no possibility that Plaintiff can state a defamation claim against Defendant Hoag such that the failure is obvious according to the settled rules of Hawaii. Accordingly, this court must find that Defendant Hoag was "properly joined and remand [this] case to state court [because] there is a 'possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (citing Hunter, 582 F.3d at 1046) (citation omitted).[2]

III.   Amount in Controversy

Because this Court finds that diversity of jurisdiction is lacking, this Court does not reach the issue of whether the amount in controversy exceeds $75,000.00.

IV.   Failure to Timely Serve Does Not Affect Diversity Jurisdiction

Plaintiff's failure to timely serve Defendant Hoag does not affect this Court's consideration of whether diversity jurisdiction exists in this case. The Ninth Circuit has held that "[w]henever federal jurisdiction in a removal case

---

[2] This Court cannot find that the deficiencies are incurable in state court particularly when it is rare for a claim to be dismissed without the plaintiff receiving at least one opportunity to amend a deficient claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Hawaii courts follow federal standards for the amendment of pleadings. Adams v. Dole Food Co., Inc., 132 Haw. 478, 485, 323 P.3d 122, 129 (Ct. App. 2014). The federal standard is liberal in that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15.

depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) (citing Pullman Co. v. Jenkins, 305 U.S. 534 (1939)).  Thus, this Court cannot ignore Defendant Hoag's citizenship when determining whether diversity jurisdiction existed at the time of removal despite the fact that Defendant Hoag was untimely served.

In addition, PSAV argues that Defendant Hoag should be dismissed based on Plaintiff's failure to timely serve the Complaint and summons on him.[3] Defendant Hoag's dismissal would allow PSAV to proceed in federal court on the basis of diversity jurisdiction.  PSAV states that it incorporates the arguments in support of the dismissal of Defendant Hoag from its Motion to Dismiss Count III of Plaintiff's Complaint and Defendant Russell Hoag ("Motion to Dismiss"), filed on March 11, 2021.  ECF No. 20.  However, the Motion to Dismiss is not currently before this Court.  As such, this Court declines ruling on this issue.

---

[3] On March 11, 2021, PSAV filed a Motion to Dismiss Count III of Plaintiff's Complaint and Defendant Russel Hoag.  ECF No. 20.  On April 8, 2021, Defendant Russel Hoag filed a Motion to Dismiss Count III.  ECF No. 31.  These two motions to dismiss are filed separately from the Motion to Remand currently before this Court.  These two motions are pending before the district judge and not before this Court.

## CONCLUSION

This Court FINDS that Defendant Hoag is a citizen of Hawaii and was not fraudulently joined. This Court thus lacks subject matter jurisdiction under diversity of citizenship because both Plaintiff Wilson and Defendant Hoag are citizens of Hawaii. Accordingly, this Court RECOMMENDS that the Motion to Remand be GRANTED and that this action be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 25, 2021.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00531 JMS-RT; *Wilson v. Audio Visual Services Group, LLC DBA PSAV, et al.*; Findings and Recommendation to Grant Plaintiff's Motion to Remand